IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BrainFreeze Corp., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 5:21-cv-00254 |
| Blanca Estrela Ulloa and Christopher Michael Mueller, d/b/a Brain Freeze Daiquiri, | ) ) ) ) |
| Defendants. | ) |

## ORIGINAL COMPLAINT

1. BrainFreeze Corp. ("BrainFreeze") files this Original Complaint for federal trademark infringement, state trademark infringement, and unfair competition under state law to stop Defendants' highly confusing and unauthorized use of "Brain Freeze," which infringes BrainFreeze's BRAINFREEZE trademark, and to recover damages for that use.

### I. The Parties

2. Plaintiff BrainFreeze Corp. is a Texas corporation, having its principal place of business in Bexar County, Texas located at 415 S. Gen McMullen San Antonio, TX 78237.

3. On information and belief, Blanca Estrela Ulloa (hereinafter "Ulloa") is an individual living and residing in San Antonio, Texas. On information and belief, Ulloa is the co-owner and proprietor of a beverage establishment operating under the assumed name "Brain Freeze Daiquiri." On information and belief, Ulloa may be served at 13762 Potranco Road, Suite 110, San Antonio, Texas 78254. Alternatively, on information and belief, Ulloa may be served at 1061 PR 3702, San Antonio, Texas 78253.

1

4. On information and belief, Christopher Michael Mueller (hereinafter "Mueller") is an individual living and residing in San Antonio, Texas. On information and belief, Mueller is the co-owner and proprietor of a beverage establishment operating under the assumed name "Brain Freeze Daiquiri." On information and belief, Mueller may be served at 13762 Potranco Road, Suite 110, San Antonio, Texas 78254. Alternatively, on information and belief, Mueller may be served at 1061 PR 3702, San Antonio, Texas 78253.

5. In this Original Complaint, Ulloa and Mueller are collectively referred to as "Defendants."

## II. Jurisdiction and Venue

6. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338. Defendant operates its business in Bexar County, and the acts complained of herein occurred and continue to occur in Bexar County, Texas.

7. Supplemental jurisdiction over BrainFreeze's state law claims are proper pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over Defendants since they reside in the State of Texas.

9. Venue is properly located in the Western District of Texas, San Antonio Division under 28 U.S.C. §§ 1391(b) and because Defendants or their agents may be found in this District, Defendants reside in this District, or a substantial part of the events giving rise to the asserted claims occurred in this District.

## III. Background

**A.  BrainFreeze's Business and BRAINFREZE Trademark Rights**

10. BrainFreeze is a local food and beverage establishment founded in 2014 that offers drive-thru, take-out, and catering services featuring a variety of items. It is especially well-known for its large assortment of cocktails and frozen alcoholic beverages, including strawberry frozen cocktails, pina coladas, hurricanes, margaritas, hard iced tea, sex on the beach, and micheladeas.

2

11. Through years of hard work, long hours, and constant efforts, owners Vickie and David Willoughby have built BrainFreeze into a successful small business, with word-of-mouth publicity and a strong reputation among its numerous customers. The company is known among San Antonians and was even profiled by local media outlet KENS5 News.

12. Since its inception, BrainFreeze has consistently and conspicuously used the mark BRAINFREEZE to identify and distinguish its services from those of others. For example, BrainFreeze prominently displays its BRAINFREEZE mark on exterior signage visible from the street, including as shown below:




13. Likewise, the BRAINFREEZE mark appears in large, stylized lettering on the face of the building itself:



14. BrainFreeze also displays its BRAINFREEZE mark on printed menus and menu boards used by customers to place orders, including as shown below:





15. For its catering services, the BRAINFREEZE mark is displayed on multiple sides of BrainFreeze's portable trailer:

4



16. With its longstanding uses of the BRAINFREEZE mark and public recognition, BrainFreeze has established exclusive rights to the use of BRAINFREEZE and marks confusingly similar thereto for drive-thru, take-out, catering, and related services featuring cocktails and frozen alcoholic beverages throughout Bexar County and in the greater San Antonio metropolitan area.

17. The BRAINFREEZE mark symbolizes the favorable goodwill consumers have toward BrainFreeze and its goods and services, which BrainFreeze has painstakingly created through years of efforts.

**D.** **Defendants' Infringing "Brain Freeze" Establishment**

18. Defendants own a beverage establishment located at 13762 Potranco Road, Suite 110, San Antonio, Texas 78254 currently operating under the name Brain Freeze Daiquiri ("BFD" hereinafter).

19. Defendants' BFD establishment offers take-out and related services featuring cocktails and frozen alcoholic beverages. BFD offers many of the same, or highly similar, cocktails and

alcoholic drinks as offered by BrainFreeze, including strawberry daquiris, pina coladas, hurricanes, margaritas, hard iced tea, sex on the beach, and micheladeas.

20. Like BrainFreeze, BFD uses "Brain Freeze" prominently on exterior signage and menus. The photograph below shows Defendants' use of "Brain Freeze" on their Potranco Road building:



21. Like BrainFreeze, BFD prominently uses "Brain Freeze" on menus, an example of which is shown below:



22. On information and belief, Defendants opened BFD on or about February 8, 2021.

23. In the weeks immediately before Defendants opened BFD, BrainFreeze received several calls from vendors and suppliers mistakenly believing that BFD and BrainFreeze were the same business.

24. Since Defendants opened BFD several weeks ago, there has been a constant barrage of actual customer confusion between BrainFreeze and BFD. BrainFreeze receives near-daily calls from customers believing BrainFreeze and BFD are the same business or affiliated businesses. BrainFreeze has accepted and filled phone orders from customers who mistakenly called BrainFreeze instead of BFD. And customers have posted comments and photographs on social media that mistakenly confuse BrainFreeze and BFD.

25. Defendants' use of "Brain Freeze" has been without BrainFreeze's permission.

26. Defendants' acts have injured and are likely to further injure the business reputation of BrainFreeze's BRAINFREEZE mark and damage BrainFreeze's good-will.

27. BrainFreeze has been and will continue to be damaged by Defendants' use of "Brain Freeze."

E. **Defendants' Willful Infringement**

28. Adding insult to the injuries that BrainFreeze has suffered, Defendants' acts complained-of herein have been and are being committed maliciously, willfully, wantonly, and with reckless disregard for BrainFreeze's rights.

29. Evidencing their bad faith, Defendants received written notice of BrainFreeze's BRAINFREEZE trademark and the confusion that would arise from Defendants' planned use of "Brain Freeze" via a Cease and Desist letter delivered to Defendants on December 31, 2020.

30. Despite full knowledge of BrainFreeze's rights in the BRAINFREEZE mark and the confusion and harm that would inevitably result from Defendants use of "Brain Freeze,"

7

Defendants moved forward with opening their "Brain Freeze Daiquiri" establishment in early February 2021.

31. Upon information and belief, Defendants knew of BrainFreeze and its BRAINFREEZE trademark even before receiving the Cease and Desist Letter on December 31, 2020.

32. Defendants' willful and bad faith actions have necessitated this suit to protect the BRAINFREEZE trademark and to recover damages for the harm suffered by BrainFreeze.

## IV. Claims

### Claim 1: Federal Infringement Under Lanham Act Section 1125

33. The foregoing paragraphs are incorporated herein by reference.

34. BrainFreeze is the owner of the BRAINFREEZE mark set forth above, which is valid, enforceable, and eligible for protection.

35. Defendants' use of "Brain Freeze," in commerce and without BrainFreeze's authorization, in connection with take-out and related services featuring cocktails and frozen alcoholic beverages, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with BrainFreeze, or as to the origin, sponsorship, or approval of Defendants' goods and services by BrainFreeze in violation of 15 U.S.C. § 1125(a)(1)(A).

36. Defendants' activities and conduct have harmed and continue to harm BrainFreeze. Accordingly, BrainFreeze is entitled to recover its damages, Defendants' profits received as a result of the infringing activities and conduct, and the costs of bringing this action pursuant to 15 U.S.C. § 1117.

37. Defendants had actual notice of BrainFreeze's BRAINFREEZE mark, at least because BrainFreeze contacted the Defendants and demanded they cease using "Brain Freeze" in connection with their beverage establishment.

38.     Defendants' activities and conduct, as described herein, were committed with actual knowledge of BrainFreeze's trademark rights, willfully, and with reckless disregard for BrainFreeze's rights.

39.     BrainFreeze is therefore entitled to recover treble damages and reasonable attorney's fees, in addition to, actual damages pursuant to 15 U.S.C. § 1117.

40.     Defendants' use in commerce of "Brain Freeze" has caused loss of goodwill and profits to BrainFreeze and has damaged the reputation of good and services under the BRAINFREEZE mark, and has injured the public by causing confusion, mistake, and deception.

41.     The goodwill and reputation of BrainFreeze's business in connection with its BRAINFREEZE trademark are of significant value and will suffer irreparable injury should this Court allow Defendants' use to continue to the detriment of BrainFreeze's trade reputation and goodwill. BrainFreeze has no adequate remedy at law for Defendants' violations. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, BrainFreeze is entitled to preliminary and permanent injunctive relief pursuant 15 U.S.C. § 1116.

### Claim 2: State Trademark Infringement Under Texas Common Law

42.     The foregoing paragraphs are incorporated herein by reference.

43.     BrainFreeze is the owner of the BRAINFREEZE mark set forth above, which is valid, enforceable, and eligible for protection.

44.     Defendants have, without the consent of BrainFreeze, used in San Antonino and Bexar County commerce a reproduction, counterfeit, copy, or colorable imitation of BrainFreeze's BRAINFREEZE mark in connection with selling, offering for sale, and advertising take-out and related services featuring cocktails and frozen alcoholic beverages, which use has caused and is likely to deceive or cause confusion or mistake as to the source or origin of the services.

45. Defendants' acts and conduct have harmed and continue to harm BrainFreeze. BrainFreeze is entitled to recover its damages and costs of this action, together with profits made by Defendants for sales of goods or services in connection with which Defendants used "Brain Freeze."

46. Defendants' activities and conduct, as described herein, were committed with actual knowledge of BrainFreeze's trademark rights, willfully, and with reckless disregard for BrainFreeze's rights. The willful, wanton and malicious nature of Defendants' conduct entitles BrainFreeze to an award of its reasonable attorney's fees and punitive damages against Defendants.

47. Defendants' acts complained of herein violate BrainFreeze's common law Texas trademark rights. Unless enjoined, Defendants will continue to violate BrainFreeze's common law Texas trademark rights, resulting in irreparable harm to BrainFreeze for which it has no adequate remedy at law. BrainFreeze is therefore entitled to preliminary and permanent injunctive relief.

**Claim 3: Common Law Unfair Competition**

48. The foregoing paragraphs are incorporated herein by reference.

49. BrainFreeze has expended years of effort and countless hours developing rights in the BRAINFREEZE mark by offering and selling services featuring cocktails and frozen alcoholic beverages.

50. BrainFreeze has a cognizable and protectable legal interest in the BRAINFREEZE mark for use in commerce.

51. Defendants have, without consent of BrainFreeze, used "Brain Freeze" in the name of and advertising for Defendants' beverage establishment.

52. On information and belief, Defendants' use of "Brain Freeze" is calculated to deceive and cause the public to deal with Defendants first when the public would have otherwise dealt with BrainFreeze.

53. On information and belief, Defendants' use of "Brain Freeze" resulted in a diversion of sales from BrainFreeze to Defendants, with an accompanying loss in sales, market share, and lost profits.

54. Defendants' activities and conduct, as described herein, constitute unfair competition under Texas common law. BrainFreeze is entitled to relief under Texas common law against Defendants for unfair competition.

55. BrainFreeze is entitled to recover its damages and costs of this action, together profits made by Defendants for sales of goods or services in connection with which Defendants used "Brain Freeze."

56. Defendants' activities and conduct, as described herein, were committed with actual knowledge of BrainFreeze's trademark rights, willfully, and with reckless disregard for BrainFreeze's rights. The willful, wanton and malicious nature of Defendants' conduct entitles BrainFreeze to an award of its reasonable attorney's fees and punitive damages against Defendants.

## V. Jury Demand

57. BrainFreeze hereby demands a trial by jury on all issues so triable.

## VI. Prayer

WHEREFORE, BrainFreeze Corp. respectfully requests that judgment be entered in its favor and against Defendants Blanca Estrela Ulloa and Christopher Michael Mueller, and requests relief as follows:

    A    Judgment be entered in favor of BrainFreeze and against each Defendant as to each of the above counts;

B. Defendants be adjudged to have intentionally infringed or copied BrainFreeze's BRAINFREEZE mark and to have offered, marketed, advertised, and sold infringing services and engaged in unfair competition, and therefore be required to pay, under applicable federal, state, and/or common law:

   1. BrainFreeze's actual damages and any profits of Defendants associated with the infringing or unfair use of "Brain Freeze," including all profits received by Defendants from sales and revenues of any kind made as a result of its actions;

   2. Three times the actual damages of BrainFreeze or profits of Defendants resulting from said infringement or unfair competition;

   3. BrainFreeze's reasonable attorney's fees;

   4. BrainFreeze's costs and expenses; and

   5. Pre-judgment and post-judgment interest.

C. Issuance of a permanent injunction pursuant to applicable federal, state, and/or common law, enjoining Defendants, their officers, agents, employees, servants, attorneys, successors, and assigns, and all those controlled by, acting on behalf of, in privity with, or acting in concert or active participation with Defendants, from:

   1. Operating any beverage establishment in San Antonio, Bexar County, or surrounding counties using a name, signage, menus, receipts, cups, napkins, or any other items visible to the consuming public which bear "Brain Freeze," the BRAINFREEZE mark, or any marks similar thereto;

   2. Undertaking or continuing any advertising or other promotion of any beverage establishment using "Brain Freeze," the BRAINFREEZE mark, or any marks similar thereto;

3. Undertaking or continuing any advertising on the Internet or through social media of any beverage establishment using "Brain Freeze," the BRAINFREEZE mark, or any marks similar thereto;

4. Representing to anyone or committing any acts calculated to cause members of the public to believe that Defendants' goods or services have any authority, sponsorship, affiliation, or any connection with BrainFreeze;

5. Using, in any manner, "Brain Freeze," the BRAINFREEZE mark, or any other words or logos similar thereto that may cause, or may be likely to cause, confusion, mistake, or deception by the public, alone or in combination with any other word or words; and,

6. Continuing Defendants' unlawful acts as complained of herein.

D. An award of such other relief to BrainFreeze as the Court may deem proper, just, and equitable.

March 12, 2021                                HAYNES AND BOONE, LLP

*Jason Whitney*
_____
Jason W. Whitney
Texas Bar No. 24066288
jason.whitney@haynesboone.com
Alexander B. Lutzky
Texas Bar No. 24098022
alex.lutzky@haynesboone.com
112 E. Pecan Street, Suite 1200
San Antonio, Texas 78205
210-978-7440

*Attorneys for Plaintiff BrainFreeze Corp.*